UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY, et al.,<br><br>Defendants. | No. 2:25-cv-00751 SCR P<br><br><br><br>ORDER |

Plaintiff is a pretrial criminal detainee proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's first amended complaint ("FAC") is before the undersigned for screening under 28 U.S.C. § 1915A.[1] For the reasons set forth below, the undersigned finds that plaintiff's FAC states a cognizable First and Fourteenth Amendment denial of access to the courts claim against defendant Cemo and a cognizable Fourteenth Amendment procedural due process claim against defendant Balderas, but not other cognizable claims. Plaintiff will be given the option of proceeding on the FAC as screened or filing an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. He has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma

---

[1] Plaintiff filed his amended complaint before the court screened his original complaint.

pauperis is granted. This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the jail is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the El Dorado County Sheriff requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## STATUTORY SCREENING OF PRISONER COMPLAINTS

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**FACTUAL ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

The events underlying the FAC occurred at El Dorado County Jail.  ECF No. 10 at 1.  The FAC names four defendants: (1) Jonathan Eslick, Classification Lieutenant; (2) Dennis Cemo, Classification Sergeant; (3) Correctional Officer ("C/O") Tinker; and (4) C/O Balderas.  Id. at 2.

Plaintiff's first claim alleges a Fourteenth Amendment violation regarding a cell search and harassment.  ECF No. 1 at 3.  After plaintiff was attacked by Eslick, defendant Cemo and nondefendant Evan searched and tossed his room and left with a bag of papers later confirmed to be legal paperwork, grievance copies, and request slip copies.  Id.  Their actions hurt plaintiff's criminal case because he is proceeding pro per and had to determine what evidence was missing and request it again.  Id.  Plaintiff cannot get a "CPS report" or a "transcript of pretext," which will hurt his case.  Id.

In his second claim, plaintiff alleges unconstitutional punishment in violation of the Fourteenth Amendment.  ECF No. 10 at 4.  He claims defendants Eslick and Cemo, as well as nondefendant Evan, fabricated violations in disciplinary reports to have him classified as high risk.  Being classified high risk means being cuffed and shackled for all movement.  There was never a hearing to prove he was guilty, and his witnesses didn't get to make statements.  Plaintiff was placed on lockdown "23+" hours a day, denied access to commissary, hygiene, and books, was skipped for yard, and only received 30 minutes out of cell time to shave, shower, and use the phone.  Id.

In his third and final claim, plaintiff alleges that defendants Tinker and Balderas were assigned to perform disciplinary reviews but refused to speak to witnesses.  ECF No. 10 at 5.  The review was a formality because defendants Eslick and Cemo had already put plaintiff in red clothes to signify he was high risk.  Id.  Plaintiff asserts that Tinker's and Balderas' actions violated his rights under the Fourteenth Amendment's Due Process Clause.  Id.

In his request for relief, plaintiff asks that defendants Eslick and Cemo be fined and terminated, that all C/Os be retrained to follow the law, and $100,000 in punitive damages.  ECF No. 10 at 6.

**LEGAL STANDARDS**

I.     **42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

II.    **Linkage**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted). In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**DISCUSSION**

I.     **Plaintiff's Claims**

A.  **Claim I: Cell Search and Confiscation of Legal Paperwork**

The undersigned construes plaintiff's first claim regarding defendant Cemo's confiscation of his legal paperwork as alleging a violation of his right to access the courts. The Ninth Circuit has held that "prisoners have a right under the First and Fourteenth Amendments to litigate . . .

4

without *active interference* by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (emphasis in original); see also First Amend. Coal. of Arizona, Inc. v. Ryan, 938 F.3d 1069, 1080 (9th Cir. 2019) (recognizing category of First Amendment claims involving "active interference with a prisoner's right to litigate, such as seizing and withholding the prisoner's legal files") (citing Silva, 658 F.3d at 1102-1104). To state a claim for the denial of access to the courts, a plaintiff must allege an actual injury, i.e., prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

Here, plaintiff has minimally alleged the injury needed to sustain a First and Fourteenth Amendment denial of access to the courts claim. Plaintiff is proceeding pro per in his criminal case and alleges that defendant Cemo confiscated evidence that he had to request again and identifies a CPS report and transcript that he can no longer access. Accepting these allegations as true and drawing all reasonable inferences in plaintiff's favor, the undersigned finds that defendant's actions prejudiced plaintiff's ability to put on his own criminal defense. Accordingly, plaintiff's FAC states a cognizable First and Fourteenth Amendment denial of access to the courts claim against defendant Cemo.

### B. Claim II: Punishment By Way of False Disciplinary Reports

The undersigned construes plaintiff's second claim as alleging defendants Eslick and Cemo inflicted punishment in violation of the Fourteenth Amendment by issuing a false disciplinary charge. The false report in turn caused plaintiff to be classified as "high risk" and placed on lockdown for more than 23 hours a day. ECF No. 1 at 4.

Courts have generally found that the issuance of a false disciplinary charge does not, in and of itself, violate due process. See Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."); see also Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir.

2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." (citations omitted)). "These courts have reasoned that the focus of the analysis is on the process required by law and have thus concluded that false accusations do not violate the due process clause of the Fourteenth Amendment so long as the inmate is afforded the procedural protections required by federal law at the disciplinary hearing." Goodwin v. Salagubang, No. 2:18-cv-0363 JAM DMC, 2019 WL 2026507, at *2 (E.D. Cal. May 8, 2019) (collecting cases); see also Muhammad, 2010 WL 12604235, at *3 ("As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983"). Accordingly, defendants Eslick's and Cemo's allegedly false charge does not, standing alone, violate the Fourteenth Amendment.

The undersigned next turns to whether plaintiff received required procedural protections during the ensuing disciplinary hearing. Under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right against jail conditions or restrictions that "amount to punishment." Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th 2008) (quoting Bell v. Wolfish, 441 U.S. 520, 535–37 (1979)). Pretrial detainees are not "free to violate jail rules with impunity," but "may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996); Shorter v. Baca, 101 F. Supp. 3d 876, 891 (C.D. Cal. 2015) ("the Ninth Circuit has held that segregated confinement of pretrial detainees, where that confinement amounts to punishment, must be accompanied by a due process hearing"). The elements of federal due process require that a pretrial detainee be permitted to present evidence and "call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety and correctional concerns."[2] Mitchell, 75 F.3d at 525 (citing Wolff v. McDonnell, 418 U.S. 539, 566 (1974)); see also Serrano v. Francis, 345 F.3d 1071, 1077–78 (9th Cir. 2003) (Wolff protections

---

[2] The exacting test for liberty interests articulated in Sandin v. Conner, 515 U.S. 472 (1995), which determines when these federal due process procedures are triggered for convicted prisoners, does not apply to the liberty interests of pretrial detainees. See Pierce, 526 F.3d at 1205 n.15.

include "the rights to call witnesses, to present documentary evidence and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken.").

In the supporting facts section of his second claim, plaintiff wrote that he "never had a hearing to prove I was guilty" and his "witness didn't get to make statements." ECF No. 10 at 4. However, the attachments to the FAC contradict these claims. They include a "Disciplinary Review Form" showing that defendant Tinker convened a hearing on the allegedly false charges on February 16, 2025, at 1915 hours. Id. at 10. The form also reflects that Tinker interviewed witness Hernandez at plaintiff's request.[3] Id. The court need not accept as true allegations that contradict facts contained in the complaint's exhibits. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001). Thus, because plaintiff received a hearing and his witness participated, his FAC does not state a cognizable claim regarding defendants Eslick's and Cemo's allegedly false charge. Plaintiff will be given leave to amend to elaborate on the alleged procedural defects in this hearing.

Because plaintiff alleges defendants "fabricated violations" that formed the basis of his RVR, the undersigned will also consider whether his SAC states a cognizable falsification of evidence claim pursuant to Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001) (en banc) ("Devereaux"). In Devereaux, the Ninth Circuit held that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." 263 F.3d at 1074-75.

There is disagreement in this District whether Devereaux claims are cognizable in the RVR hearing context. Compare Chappell v. Bess, No. 2:01-cv-1979 KJN P, 2012 WL 3276984, at *22–23 (E.D. Cal. Aug. 9, 2012) (denying summary judgment to defendants on Devereaux claim where plaintiff alleged defendants planted the drugs that formed the basis of his RVR and criminal referral), with Hinton v. Mix, No. 1:24-cv-0960 KES BAM (PC), 2025 WL 1569053, at

---

[3] The form also shows that plaintiff was found guilty of major rules violations and placed on "disciplinary separation" from February 22, 2025, to March 8, 2025. Id. at 11. Plaintiff lost privileges consistent with the allegations in the FAC (e.g., only 30 minutes out of cell for showering and legal calls). Id.

7

*10 (E.D. Cal. June 3, 2025) (screening out due process claim based on alleged falsified evidence in RVR hearing and noting that "the Ninth Circuit has not held that such prison disciplinary proceedings are sufficient for a Devereaux claim"), report and recommendation adopted, No. 1:24-cv-0960 KES BAM (PC), 2025 WL 1918564 (E.D. Cal. July 11, 2025).[4] While the Ninth Circuit has not addressed this specific question, it has entertained Devereaux falsification of evidence claims in other administrative contexts. See, e.g., Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101 (9th Cir. 2010) (denying summary judgment on a fabrication of evidence claim against a defendant based on evidence that the defendant falsified evidence that was used in an administrative proceeding, and which led to the revocation of Plaintiff's foster care license and loss of guardianship of two minor children). Therefore, at this early stage of the case and without the benefit of briefing by defendants, the undersigned will proceed to screen for a Devereaux-type claim.

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted). Here, plaintiff does not provide facts showing deliberate fabrication, he only makes the conclusory allegation that Eslick and Cemo "fabricated violations in disciplinary reports." He does not state what was fabricated and why. Plaintiff's bare-bones allegation does not plausibly state a Devereaux-type claim. Plaintiff will be granted leave to amend to elaborate on the alleged fabrication.

### C. Claim III: Denial of Witnesses at Hearing

The undersigned construes plaintiff's third claim as alleging Fourteenth Amendment

---

[4] Judges in other districts within this Circuit have also found Devereaux inapplicable to prison disciplinary proceedings. See, e.g., Garcia v. Kernan, No. 18-cv-2313 JLS (MSB), 2019 WL 3429175, at *9 (S.D. Cal. July 30, 2019) (holding Devereaux does not apply to "administrative measures" such as "prison segregation and internal disciplinary procedures[.]"); Strohmeyer v. Belanger, No. 3:14-cv-0661 RCJ WGC, 2021 WL 1097344, at *18 (D. Nev. Mar. 3, 2021) ("Plaintiff has cited no authority, and the court is aware of none, extending the holding of Devereaux to prison disciplinary proceedings."), report and recommendation adopted, No. 3:14-cv-0661 RCJ WGC, 2021 WL 1687116 (D. Nev. Mar. 22, 2021), aff'd sub nom. Strohmeyer v. Beguefuth, No. 21-15760, 2023 WL 3477832 (9th Cir. May 16, 2023).

procedural due process violations by defendants Tinker and Balderas at plaintiff's disciplinary hearings. Plaintiff claims Tinker and Balderas did not interview witnesses and their reviews themselves were a "sham" because he has already been classified "high risk." ECF No. 1 a 5.

As discussed above, pretrial detainees are entitled to a due process hearing before they are subjected to disciplinary segregation and have the right to call witnesses. See Mitchell, 75 F.3d at 524-25 (citing Wolff, 418 U.S. at 566). Again, the attachments pertaining to defendant Tinker's hearing on February 16, 2025, undermine plaintiff's claim that Tinker did not permit plaintiff to present witnesses. The disciplinary hearing report shows that plaintiff asked Tinker to interview witness Hernandez and includes a narrative of Tinker's subsequent interview with Hernandez. See ECF No. 10 at 10. The court, again, need not accept as true allegations that contradict facts contained in the complaint's exhibits. Sprewell, 266 F.3d at 988. Absent additional facts regarding other witnesses that Tinker refused to interview, or some other procedural violation related to Tinker's witness interview, plaintiff's FAC does not state a claim against Tinker.

However, plaintiff has adequately alleged a Fourteenth Amendment procedural due process claim against defendant Balderas. Plaintiff attached documents from an entirely different disciplinary hearing conducted by Balderas on February 16, 2025,[5] showing that plaintiff asked Balderas to interview witnesses Straight, Oliphant, and Hernandez. ECF No. 1 at 7. Balderas' report reflects that request but does not indicate whether the witnesses were interviewed. Therefore, accepting the allegations as true, plaintiff has minimally alleged that defendant Balderas did not honor his request to present witnesses at this separate disciplinary hearing.

## II.     Options From Which to Choose

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid First and Fourteenth Amendment denial of access to the courts claim against defendant Cemo and a valid Fourteenth Amendment procedural due process claim against defendant Balderas. However, the allegations in the FAC are not sufficient to state

---

[5] Per the attachments, defendant Balderas conducted a hearing on disciplinary report No. 204460 at plaintiff's cell at 1100 hours. ECF No. 1 at 7-8. Defendant Tinker conducted a disciplinary hearing on a separate report, No. 204462, later that same evening at 1915 hours. Id. at 10.

any claim for relief against defendants Eslick or Tinker.  The FAC also fails to allege a Fourteenth Amendment violation regarding the allegedly false disciplinary reports.

It appears to the undersigned that plaintiff may be able to allege facts to fix these problems.  Therefore, plaintiff has the option of filing an amended complaint.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**Option No. 1:** The first option available to plaintiff is to proceed immediately against defendant Cemo on the First and Fourteenth Amendment denial of access to the courts claim and against defendant Balderas on the Fourteenth Amendment procedural due process violation.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendants Eslick and Tinker.  The court will then direct plaintiff to complete the paperwork necessary for the U.S. Marshal service to serve defendants Cemo and Balderas.

**Option No. 2:** The second option available to plaintiff is to file an amended complaint to fix the problems described above against defendants Eslick, Tinker, and Cemo (regarding the false disciplinary charge claim only).  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the circumstnaces about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is GRANTED.

  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

  3. Plaintiff's claims against defendants Eslick and Tinker, as well as his false disciplinary charge claim against defendant Cemo, do not state claims for which relief can be granted.

  4. Plaintiff has the option to proceed immediately on his First and Fourteenth Amendment denial of access to the courts claim against defendant Cemo and his Fourteenth Amendment procedural due process claim against defendant Balderas as set forth above, or to file an amended complaint.

  5. Within thirty (30) days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

  6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the FAC as screened and will recommend dismissal without prejudice of defendants Eslick, Tinker, and the false disciplinary charge claim against defendant Cemo.

DATED: December 3, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY, et al.,<br><br>Defendants. | No.  2:25-cv-00751 SCR P<br><br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First/Fourteenth Amendment denial of court access claim against defendant Cemo and his Fourteenth Amendment procedural due process claim against defendant Balderas without amending the complaint.  Plaintiff understands that by choosing this option, the remaining defendants and claims will be voluntarily dismissed without prejudice under to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.


DATED:_____

                                                  _____
                                                  Michael Alan Dean Hill, plaintiff pro se

1