UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL,<br>Plaintiff,<br>v.<br>EL DORADO COUNTY, et al.,<br>Defendants. | No. 2:25-cv-00751 DAD SCR<br><br>ORDER |

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Pending before the undersigned is Plaintiff's motions to compel. ECF Nos. 30, 34.

**I. Procedural History**

This action is proceeding on Plaintiff's first amended complaint ("FAC") filed on August 11, 2025. ECF No. 10. On screening, the undersigned determined that the FAC stated a cognizable First and Fourteenth Amendment denial of access to the courts claim against Defendant Cemo and a cognizable Fourteenth Amendment procedural due process claim against Defendant Balderas, but no other cognizable claims. ECF No. 11. Defendants answered the complaint on March 26, 2026. ECF No. 19. On April 21, 2026, the undersigned issued a discovery and scheduling order ("DSO") setting a discovery cut-off date of September 4, 2026, and a pre-trial motion deadline of December 4, 2026. ECF No. 24.

Plaintiff timely filed his motion to compel on August 10, 2026. Plaintiff asks the Court to compel Defendants to respond to his requests for production ("RFPs") and interrogatories sent on February 16, 2026, while he was in El Dorado County Jail. ECF No. 30 at 1; see also ECF No. 34 (same). Plaintiff attached the requests to his motion. ECF No. 30 at 5-11. Plaintiff also alleges Defendants have engaged in a pattern of retaliation in his other civil cases pending in this judicial district and asks the Court to take judicial notice of their alleged discovery interference in those cases. Id. at 2-4.

In their opposition, Defendants state that Plaintiff has never served them with discovery and that they have never seen the attached requests until receiving his motion to compel. ECF No. 32 at 1-2. They point out that Plaintiff's requests are dated February 16, 2026, when they did not answer the complaint until March 26, 2026, and the Court did not issue a DSO until April 21, 2026.[1] Id. Plaintiff filed a second motion to compel on September 23, 2026, that the Court construes a reply. ECF No. 34. Plaintiff reiterates his request that the Court compel production of the requested discovery. Id.

## II. Legal Standard

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such motion may be made if "a party fails to answer an interrogatory submitted under Rule 33 . . . or to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why

[1] Defendants spend a portion of their opposition addressing their own motion to compel that they have since withdrawn. ECF Nos. 27, 33.

the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808 MJS PC, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646 AWI SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07-cv-200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

**III. Analysis**

Plaintiff's motions to compel are denied. As Defendants point out, the requests at issue are signed and dated February 16, 2026, more than two months before the undersigned issued the DSO and one month before Defendants answered the complaint. Plaintiff appears to have drafted and mailed his interrogatories and RFPs after statutory screening but did not serve them after Defendants appeared. The record shows that Defendants were not aware of Plaintiff's requests before his motion to compel and thus could not have failed to respond as required by Federal Rules of Civil Procedure 33 and 34, respectively. See Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). As the undersigned has no record of Defendants' responses or objections to consider, Plaintiff's motion to compel is denied.

However, as an incarcerated litigant proceeding pro se, Plaintiff is entitled to "great leniency" in discovery matters. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). Examination of the interrogatories and RFPs attached to the motion to compel shows that they are relevant to this matter. Moreover, both reflect the proper case number for this action and concern the February 11, 2025, cell search at issue in Plaintiff's cognizable First and Fourteenth Amendment Court Access claim against Defendant Cemo. See ECF No. 30 at 5-11.

Accordingly, the undersigned will grant Plaintiff another chance to pursue the discovery that he seeks. Defendants are directed to construe Plaintiff's motion to compel as proper service of his interrogatories and RFPs and provide a written response within 45 days from the date of this order. The undersigned will sua sponte modify the DSO to allow Plaintiff additional time pursue this discovery and extend the parties' deadline to file dispositive motions.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel (ECF Nos. 30, 34) are DENIED without prejudice.

2. Within 45 days of this order, Defendants shall provide Plaintiff with responses to the written discovery attached to his motion to compel (ECF No. 30 at 5-11).

3. The DSO (ECF No. 24) is modified as follows:

   a. The deadline to conduct discovery and file any motions necessary to compel discovery is extended to **January 19, 2027**;

   b. Any amended pleading or motion to amend the complaint shall be filed no later than **February 19, 2027**;

   c. All pretrial motions, except motions to compel discovery, shall be filed on or before **April 21, 2027**; and

   d. All other provisions of the DSO shall remain in effect.

DATED: November 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE